IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01699-NYW-CYC

TRAVIS KOHN,

    Plaintiff,

v.

JANE HANSEN,

    Defendant.

___

# ORDER
___

**Cyrus Y. Chung, United States Magistrate Judge**.

    Plaintiff Travis Kohn moves for reimbursement of costs and attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2). ECF No. 107. Because some prejudice occurred by the original entry of default against the defendant, but the full reimbursement the plaintiff requests is unnecessary to address that prejudice, the motion is **GRANTED IN PART**.

## BACKGROUND

    The plaintiff initiated this action on July 7, 2022 against several defendants. ECF No. 1. Three months later, the Court administratively closed the case to allow the plaintiff, then proceeding pro se, to prepare and file an amended complaint. ECF No. 19. The plaintiff did so, naming Jane Hansen as the sole defendant. ECF No. 20. The defendant was served on May 26, 2023, *see* ECF Nos. 31-33, and nearly a year later, a default entered against the defendant, who had taken no action in the case. ECF No. 51. The plaintiff then moved for default judgment, and the Court scheduled an evidentiary hearing for November 12, 2024, at which the defendant did not appear. ECF Nos. 67, 72, 78. Instead, she arrived thirty minutes after the hearing concluded

and, after inquiring of the defendant why she had not participated in the case and why she was late that day, the Court set a date for filing a motion to vacate the clerk's entry of default. ECF No. 79. Nine days later, an attorney appeared on behalf of the defendant, who moved to vacate the clerk's entry of default. ECF Nos. 82, 83. Four weeks after that, an attorney appeared pro bono on behalf of the plaintiff, *see* ECF Nos. 80, 94, and two days later, the plaintiff's response to the defendant's motion conceded substantive relief "only if Plaintiff is authorized to submit a motion for costs, and for such further relief the Court deems just and equitable." ECF No. 96 at 3.

In turn, then-Chief Magistrate Judge Hegarty set aside the clerk's entry of default and "grant[ed] Plaintiff permission to file a motion seeking reimbursement of his costs." ECF No. 97. Judge Hegarty then retired, causing reassignment of the case to the undersigned. This motion followed, seeking $5,850 in attorney's fees. ECF No. 107.

## DISCUSSION

A "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). One of the factors in the good-cause analysis is the prejudice the plaintiff will suffer by setting aside the entry of default. *Gray v. Knight Sec. and Patrol, Inc.*, No. 16-cv-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017). In turn, "[t]he imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead" instead of being defaulted. *Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974). Here, an award of $850 sufficiently mitigates any prejudice suffered. That amount compensates the plaintiff for the time counsel spent in responding to the motion to set aside the clerk's entry of default. *See* ECF No. 107-2 at 1 (entries for 11/19/2024 and 12/19/2024).

The defendant demurs, noting that neither the plaintiff's response to the motion to set aside the entry of default nor Judge Hegarty's order granting the motion mentioned attorney's fees. That is true; they both referred to costs. *See* ECF Nos. 96, 97. And it is also true that attorney's fees are not generally recoverable as costs. *See* Fed. R. Civ. P. 54(d)(1). But the plaintiff incurred no costs, *see* ECF No. 107-1 ¶ 12, and it is difficult to imagine that the intent of Judge Hegarty's order was to foreclose any award at all by referring to "costs" instead of "fees" when no party had argued the distinction between the two.

The defendant also seeks to limit the fees to the first entry in the plaintiff's bill of fees and costs, contending that it alone relates to the motion to set aside the entry of default. ECF No. 113 at 4-5. But the third entry, denoting time to "[r]ead and assess Motion to Set Aside Entry of Default," plainly relates to responding to that motion as well. ECF No. 107-2 at 1.

By contrast, the plaintiff asserts that he is entitled to the entire $5,850 he seeks pursuant to the factors articulated in *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454-55 (10th Cir. 1988). ECF No. 107 at 3-4; ECF No. 116 at 3. But that case articulates a standard for assessing the reasonableness of an overall fee award, and Judge Hegarty's order is not a blanket award of attorney's fees. The purpose here is to offset any prejudice from allowing the defendant to plead. Beyond the $850 articulated above, the remainder of the fees sought relate to the preparation of the instant motion and other matters less directly related to the default itself. *See* ECF No. 107-2. An award of such fees is unnecessary to address any prejudice occasioned by the default.

## CONCLUSION

For the foregoing reasons, Plaintiff's Opposed Motion for Reimbursement of Costs Pursuant to F.R.C.P. 54(d)(2), ECF No. 107, is **GRANTED IN PART**. $850 in attorney's fees is awarded to the plaintiff.

Entered and dated this 18th day of April, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

4